IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION

ALLEN ROBERT GOUL                                                              PLAINTIFF

VS.                                                         CIVIL ACTION NO. 5:05CV55DCB-JCS

DOLAN WALLER, ET AL.                                                         DEFENDANTS

MEMORANDUM OPINION AND ORDER

    The Court held an omnibus hearing[1] in this matter, at which time it conferred with the plaintiff and counsel for the defendants in this suit founded upon 42 U.S.C. § 1983. At that hearing, the parties consented to have a United States Magistrate Judge conduct any and all further proceedings in the case and order the entry of final judgment, and the District Judge subsequently entered an order of reference. 28 U.S.C. 636(c); Fed. R. Civ. P. 73. Goul is proceeding in this matter *in forma pauperis*. 28 U.S.C. § 1915(e). For the reasons discussed below, plaintiff's claims are due to be dismissed with prejudice.

    According to Goul, an inmate incarcerated at Wilkinson County Correction Facility, although he and other inmates, black and white, used the shower on November 28, 2004, only he and another white inmate, were given RVRs for taking a shower. Plaintiff further claims that he had been given explicit permission to use the shower at that time. As a result of this RVR, Goul temporarily lost visitation privileges and according to the complaint, suffered "stress, anxiety, anger, [and] depression." At the omnibus hearing, Goul also expressed his belief that this RVR will reflect negatively at his upcoming parole hearing. Goul administratively exhausted his claim and seeks $700,000 in compensatory damages. Plaintiff has not challenged this "conviction" in

---

[1] See Spears v. McCotter, 766 F.2d 179 (5th Cir. 1985).

state court.

Aside from the general charge that he was wrongly "convicted" of the offense charged in the RVR, the complaint further purports to state claims for "defamation of character in falsifying information, libel and prosecution." Moreover, plaintiff maintains that defendants further violated the constitution because he and one other white inmate were charged with RVRs while black inmates engaging in the same behavior were not charged. That is, although plaintiff did not denominate it as such, it appears that he claims that he was the victim of selective prosecution on account of his race, in violation of the Equal Protection Clause.[2]

Here, to the extent that plaintiff seeks redress for the loss of his visitation privileges, this court has determined that the plaintiff's denial of visitation did not impose an atypical, significant deprivation in relation to the ordinary incidents of prison life. See, Sandin v. Conner, 515 U.S. 472 (1995). Hence, the plaintiff's visitation was not covered by the due process protections of the Constitution. Necessarily then, the defendants have not violated the plaintiff's due process rights.

Moreover, plaintiff's claims that he was actually innocent of the offense charged and/or selectively prosecuted for the offense necessarily imply the invalidity of his conviction or sentence, and thus, "[they] must satisfy the Heck element." The "Heck element" derives from the holding in Heck v. Humphrey that a § 1983 claim which essentially attacks the constitutionality of a conviction or imprisonment is not cognizable under § 1983 until that conviction or sentence has been "reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a

---

[2] To state a claim for selective prosecution, a defendant must demonstrate: "first, that others similarly situated generally have not been prosecuted; and second, that the Government's prosecution of him is selective, invidious, in bad faith or based on impermissible considerations such as race, religion, or his exercise of constitutional rights." United States v. Kahl, 583 F.2d 1351, 1353 (5th Cir. 1978).

writ of habeas corpus." Heck, 512 U.S. at 486-87.

Here, although, plaintiff did administratively exhaust his claims, he achieved no relief at the institutional level and did not further pursue the matter in state court as is permitted by Mississippi Code Annotated § 47-5-807 ("Any offender who is aggrieved by an adverse decision rendered pursuant to any administrative review procedure under Sections 47-5-801 through 47-5-807 may, within thirty (30) days after receipt of the agency's final decision, seek judicial review of the decision." Accordingly, the putative claims asserted here are not actually cognizable under § 1983 unless and until Plaintiff has satisfied the Heck element. See Rogers v. Illinois Dep't of Corrections, 160 F. Supp. 2d 972, 977 (N.D. Ill. 2001) (concluding that prisoner's claim of selective prosecution was subject to Heck).

Finally, as set forth above, plaintiff has asked for an award of compensatory damages for mental anguish and emotional distress. However, "[n]o federal civil action may be brought by a prisoner. . . for mental or emotional injury suffered while in custody without a prior showing of physical injury." 42 U.S.C. § 1997e(e). Goul has failed to allege or show, by either his complaint or hearing testimony, that he has suffered any physical injury as a result of these allegations. Therefore, had he stated a valid claim, he would not be entitled to damages for injuries of this nature.

As plaintiff has failed to state a claim of constitutional import and the court declines jurisdiction over his putative state court claims, his complaint will be dismissed without prejudice.

A separate judgment will entered in accordance with Rule 58 of the Federal Rules of Civil Procedure.

SO ORDERED, this the _25th__ day of July, 2006.


_s/ James C. Sumner_____

UNITED STATES MAGISTRATE JUDGE

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION

ALLEN ROBERT GOUL                                                                              PLAINTIFF

VS.                                                                      CIVIL ACTION NO. 5:05CV55DCB-JCS

DOLAN WALLER, ET AL.                                                                       DEFENDANTS

## JUDGMENT

In accordance with the memorandum opinion and order entered this date, the court finds that this matter should be dismissed without prejudice.

IT IS, THEREFORE, ORDERED AND ADJUDGED that the above captioned cause be, and the same is hereby, dismissed without prejudice.

SO ORDERED this the   25th   day of  July            , 2006      .

 S/ James C. Sumner
UNITED STATES MAGISTRATE JUDGE